UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSITA SINGH,

                Plaintiff,

       v.

U.S. BANK,

                Defendant.

**MEMORANDUM & ORDER**
24-CV-3556 (HG) (VMS)

**HECTOR GONZALEZ**, United States District Judge:

On May 14, 2024, Plaintiff Rosita Singh commenced this *pro se* action against Defendant U.S. Bank. ECF No. 1 (Complaint and Exhibits). Plaintiff's application to proceed *in forma pauperis* ("IFP") is granted. ECF No. 2 (Motion for Leave to Proceed IFP). However, for the reasons stated below, Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff brings this action in connection with a judgment of foreclosure entered in state court. ECF No. 1 at 3.[1] However, Plaintiff insists that her Complaint "is not about the foreclosure case itself or the judgment, but the status and standing of the defendant's ability to commence the proceedings prior to the action itself." *Id.* at 6 (internal quotation marks and alterations omitted). She claims that "the defendant lacked standing to commence the proceedings against the plaintiff based upon knowingly false assignments of mortgages executed by fraudulent staff members." *Id.* at 5.

---

[1]     The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

Plaintiff further states that Defendant "lacked the legal capacity to sue because of the security exchange commission reports and the OCC filings of a cease and desist order." ECF No. 1 at 5. She alleges that "the defendant . . . was not registered as a business or to conduct its business in the State of New York" and also claims that "defendants' [sic] were never registered to do business in the State of New Jersey." *Id.* at 5, 7. She asserts that five prior assignments of mortgage "were defective, fraudulent and violated the due process rights of the plaintiff herein." *Id.* at 7. She also claims that Defendant violated her constitutional rights "and as a result of these violations there was a related judgment in foreclosure against the plaintiff." *Id.* at 5.

Plaintiff appears to bring her claims under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. and 12 C.F.R. § 226, ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*., ("RESPA"). ECF No. 1 at 1–2. However, she does not describe any specific actions or failures of Defendant or provide any details about the original mortgage and any disclosures, notices, or statements received at the time she entered into the mortgage(s) or since. Plaintiff also appears to invoke the Court's diversity jurisdiction. *Id.* at 2.

Plaintiff attaches exhibits to her Complaint, including documents from a foreclosure action brought in the Queens County Supreme Court on April 25, 2016, under Index Number 704876/2016 (the "State Court Action"). *Id.* at 15–47.[2] The judgment of foreclosure and sale with respect to Plaintiff's residence in the State Court Action was entered on April 4, 2023. Plaintiff seeks "compensatory and punitive damages in the sum of [$]1.5 million" as well as

---

[2]     The Court takes judicial notice of the public docket and filings from the State Court Action. *See U.S. Bank Nat'l Ass'n, et al. v. Rosita T. Singh, et al.*, No. 704876/2016 (N.Y. Sup. Ct. Queens Cnty.). The Court may take judicial notice of dockets from other courts' proceedings when deciding whether to dismiss a case because they are public records. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

"490,000 dollars in damages" and "to discharge the loan from plaintiff's credit report." *Id.* at 10–11.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–364 (2d Cir. 2000); *see also Jean-Baptiste v. Westside Donut Huntington Ventures LLC*, No. 23-826, 2023 WL 8015698, at *1 (2d Cir. Nov. 20, 2023) (affirming *sua sponte* dismissal of *pro se* complaint without prior notice to plaintiff and reiterating that "[a] district court has the inherent authority to dismiss a complaint *sua sponte*, even when the plaintiff has paid the filing fee, when it is clear that the claims are frivolous"); Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). Federal subject matter jurisdiction is available only when a "federal

---

[3] Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

question" is presented, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331–1332.  There is no subject matter jurisdiction if "the purported federal claim is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous."  *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010); *see also Hariprasad v. Master Holdings Inc.*, 788 F. App'x 783, 786 (2d Cir. 2019) ("[T]he Supreme Court has also instructed that federal question jurisdiction under 28 U.S.C. § 1331 is lacking where the asserted claim for relief is essentially fictitious, wholly insubstantial, obviously frivolous, and obviously without merit.").

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings.  *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020).  Typically, "a *pro se* complaint should not be dismissed without granting leave to amend at least once" whenever the Court "cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020).  However, "[w]here a proposed amendment would be futile, leave to amend need not be given."  *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011).

## DISCUSSION

For the reasons detailed below, the Court finds that it does not have jurisdiction over Plaintiff's claims related to the foreclosure proceeding and that Plaintiff fails to state a claim with respect to the other potential causes of action that she may be attempting to assert in her Complaint.

I. **The Foreclosure Related Claims**

Although Plaintiff claims that her case "is not about the foreclosure case itself or the judgment," ECF No. 1 at 6, the Court disagrees. Plaintiff's claim that Defendant did not have standing to bring the foreclosure action in state court is a direct challenge to the foreclosure proceeding, and Plaintiff specifically seeks damages "based upon the illegality of the foreclosure." *Id.* at 10. Therefore, to the extent that Plaintiff attacks any aspect of the state foreclosure proceeding, her challenge is precluded by the *Rooker-Feldman* doctrine, which "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).

For the *Rooker-Feldman* doctrine to apply Plaintiff: (1) "must have lost in state court"; (2) "must complain of injuries caused by a state-court judgment"; (3) "must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock*, 422 F.3d at 85. Each of these conditions has been met in this case. Plaintiff was a defendant in the State Court Action and lost when the judgment of foreclosure on her property was entered on April 4, 2023, prior to Plaintiff filing this suit. And, Plaintiff's injuries—the loss of title to the property and the foreclosure judgment in her credit report—were caused by the judgment in the State Court Action. Finally, Plaintiff's requested relief is to have the "loan discharged from [her] credit report," along with monetary damages "based upon the illegality of the foreclosure." ECF No. 1

5

at 10–11.  To provide this relief, the Court would have to review the legality of the foreclosure and overturn the state court's judgment.  Accordingly, the *Rooker-Feldman* doctrine divests the Court of subject matter jurisdiction over Plaintiff's claims related to the foreclosure judgment. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (holding that *Rooker-Feldman* bars plaintiff's claim where plaintiff was "asking the federal court to determine whether the state judgment was wrongfully issued in favor of parties who . . . lacked standing to foreclose"); *Scott v. Cap. One, Nat'l Assoc'n*, No. 12-cv-00183, 2013 WL 1655992, at *3 (S.D.N.Y. Apr. 17, 2013) (holding that plaintiffs' claims that they "were not properly served with the requisite foreclosure notices, and that [the mortgage holder] lacked standing to commence the foreclosure action because it failed to show proof of its ownership of the underlying note" were complaints of "an injury *caused by* the judgment" and therefore barred by *Rooker-Feldman*).

Moreover, the doctrine of *res judicata* would also prevent consideration of Plaintiff's claims because the foreclosure judgment constitutes a final, prior adjudication on the merits.  *See Done v. Wells Fargo Bank, N.A.*, No. 08-cv-3040, 2009 WL 2959619, at *4 (E.D.N.Y. Sept. 14, 2009) ("[T]he judgment of foreclosure entered against [plaintiff] is an adjudication on the merits, which prevents reconsideration of any claim that is based on the same facts as the foreclosure judgment and which would disturb [defendant's] ability to enforce rights provided by the mortgage and the note securing [plaintiff's] property."); *In re Campora*, No. 14-cv-5066, 2015 WL 5178823, at *5 (E.D.N.Y. Sept. 3, 2015) ("[A]ny argument that [the mortgage holder] lacked standing to bring the foreclosure action is barred by the Rooker[-]Feldman doctrine and *res judicata*.").

## II.     Plaintiff's Claims Under TILA and RESPA

In addition to challenging the foreclosure, Plaintiff alludes to claims under TILA and RESPA. Plaintiff specifically invokes 15 U.S.C. § 1601, *et seq.*, and 12 C.F.R. § 226, the sections of the United States Code and the Code of Federal Regulations codifying TILA, which regulates the disclosure of certain credit terms and billing practices. If a lender fails to provide these required disclosures at the time of financing, TILA allows borrowers to seek damages for violations of the disclosure provisions. 15 U.S.C. § 1640(a). However, claims brought under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e); *see also Cardiello v. The Money Store,* 29 F. App'x 780, 781 (2d Cir. 2002) (affirming dismissal of plaintiff's TILA claim as "barred by the one-year statute of limitations"). The limitations period begins to run on "the date of the occurrence of the violation." 16 U.S.C. § 1640(e). For mortgage transactions, the date of the occurrence of the violation is "no later than the date the plaintiff enters the loan agreement or, possibly, when defendant performs by transmitting the funds to plaintiff." *Latouche v. Wells Fargo Home Mortg. Inc.*, 752 F. App'x 11, 13 (2d Cir. 2018) ("[A] suit for damages under TILA, in connection with a mortgage loan, may not be brought more than one year after entering into that loan.").

Although Plaintiff fails to state any facts to support a TILA claim, liberally construing her allegations, the Court finds that any TILA claims would be time-barred. The time period for Plaintiff to file a TILA claim began to run on May 26, 2006, the date when she took out the mortgage. *See U.S. Bank Nat'l Ass'n, et al. v. Rosita T. Singh, et al.*, No. 704876/2016 (N.Y. Sup. Ct. Queens Cnty.) (NYSCEF No. 1). Additional claims may have arisen when her mortgage was modified on October 19, 2010. *Id.* The statute of limitations period for Plaintiff's TILA claims expired one year thereafter, in either 2007 or 2011. Accordingly, the statute of limitations on Plaintiff's TILA claims had long since expired when Plaintiff filed this action in

7

2024.  And, even if Plaintiff's TILA claims were not time-barred, they would be barred by *res judicata*.  *See, e.g.*, *Noriega v. US Bank, Nat'l Ass'n*, No. 16-cv-1058, 2017 WL 3172998, at *5 (E.D.N.Y. July 25, 2017) (holding that plaintiff's TILA claim was barred by *res judicata* because the foreclosure judgment against plaintiff constituted a final prior adjudication on the merits that was based on the same set of facts).

Plaintiff also claims that Defendant violated RESPA, 12 U.S.C. § 2601, *et seq*.  RESPA is a consumer protection statute designed to ensure that lenders, mortgage brokers, and servicers provide borrowers with "greater and more timely information on the nature and costs" of the real estate settlement process in federally regulated mortgage loans.  12 U.S.C. § 2601(a).  The statute requires a lender and/or servicer of a mortgage loan to make certain disclosures pertaining to the loan, including notices about subsequent assignments or transfers of the mortgage.  *See, e.g.,* 12 U.S.C. § 2605(a), (b).  RESPA also prohibits mortgage lenders and servicers from imposing fees for preparation of certain required statements.  12 U.S.C. § 2610.

Here, although Plaintiff vaguely references "knowingly false assignments of mortgages executed by fraudulent staff members," ECF No. 1 at 5, she does not provide any additional factual details about the conduct in which she alleges Defendant engaged.  She does not explain when or how Defendant allegedly violated RESPA or specifically reference any section of RESPA, and it is difficult for the Court to infer a specific violation based on the limited facts Plaintiff provides.  Plaintiff's only real factual allegations are that the "assignment" of her mortgage was fraudulent.  ECF No. 1 at 4–7.  To the extent Plaintiff is attempting to assert a claim under Section 2605 of RESPA, related to the notice she received about the reassignment of her mortgage, Plaintiff does not allege any facts to make out such a claim.  Her complaint is silent as to what notice she received and its sufficiency, and she does not identify any specific

8

instance when her mortgage was reassigned.[4] Despite the Court's best efforts to construe Plaintiff's claims liberally, the Court cannot conclude that Plaintiff has stated a RESPA claim based on the limited relevant facts that she has provided. Regardless, even if Plaintiff could state a claim under RESPA, as with TILA, New York federal courts "routinely hold that a plaintiff against whom a judgment of foreclosure has been obtained cannot thereafter pursue a RESPA disclosure violation claim arising out of the same mortgage loan." *See, e.g.*, *Almazon v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 19-cv-4871, 2020 WL 1151313, at *15 (S.D.N.Y. Mar. 9, 2020). Accordingly, even if Plaintiff could state a RESPA claim, such claim would be barred by *res judicata*. *See Jones v. Select Portfolio Servicing, Inc.*, No. 23-cv-7772, 2024 WL 2494769, at *8 (E.D.N.Y. May 24, 2024) (plaintiff's RESPA claims were barred by *res judicata* because they arose out of the same mortgage loan involved in plaintiff's foreclosure action and a judgment of foreclosure had already been obtained against plaintiff).

### III. Plaintiff's Other Potential Federal Claims

Plaintiff also appears to claim deprivations of her constitutional rights, including an unspecified violation of her due process rights, which could be read as an effort to invoke 42 U.S.C. § 1983. ECF No. 1 at 6. In order to maintain an action under Section 1983, a plaintiff must allege that "the conduct complained of was . . . committed by a person acting under color of state law" and deprived the plaintiff of "rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Section 1983 does not usually apply to claims against private individuals or private organizations. *See, e.g., American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)

---

[4] Where a claim is based on an alleged violation of Section 2605 for failure to provide notice of reassignment of the loan, the action must be filed within three years of the date of assignment of the loan. *See, e.g., Blagrove v. Deutsche Bank Nat. Tr. Co.*, No. 19-cv-5357, 2021 WL 1601115, at *4 (E.D.N.Y. Apr. 23, 2021).

("[T]he under-color-of-state- law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."); *Alicea v. Yang*, No. 22-1482, 2023 WL 5994211, at *1 (2d Cir. Sept. 15, 2023) ("[A] § 1983 claim against a private actor will usually fail because private actors do not act under the color of state law, no matter how discriminatory or wrongful their conduct might be."); *Kim v. Saccento*, No. 21-2865, 2022 WL 9583756, at *2 (2d Cir. Oct. 17, 2022) (finding that the district court had properly dismissed plaintiff's complaint for failure to state Section 1983 claim because defendants "cannot fairly be said to be state actors or to have committed a deprivation of [plaintiff's] constitutional rights under color of state law"). Plaintiff has not identified any state actor or suggested that Defendant acted under color of state law. Accordingly, Section 1983 does not provide an avenue for Plaintiff to state a claim that a private financial institution deprived her of a property interest without due process of the law. Even interpreting Plaintiff's Complaint liberally, as the Court is required to do, the Court cannot find that Plaintiff has suggested any other basis for its jurisdiction over her vague claim that Defendant somehow violated her constitutional rights. Accordingly, the Court concludes that Plaintiff has failed to state a constitutional claim.

Plaintiff also mentions "security exchange commission reports and the OCC filings," but does not explain what claims she believes arise from those reports and filings. ECF No. 1 at 5. Even if she meant to invoke the Securities Act of 1933, Plaintiff has not alleged that she purchased any securities from the Defendant or that any registration statement contained an untrue statement or material omission or any other claim that could arise under the Securities Act. She also has not alleged that Defendant failed to make any required filing with the Office of the Comptroller of the Currency or identified any cause of action that could arise related to such filing.

### IV. Diversity Jurisdiction

Plaintiff also asserts that she brings her complaint "under federal diversity jurisdiction." ECF No. 1 at 2. Under Section 1332, federal courts have subject matter jurisdiction over claims when the plaintiff and the defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The party asserting diversity jurisdiction bears the burden of proving that it exists by a preponderance of the evidence. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Here, Plaintiff asserts that she resides in New York, and that Defendant conducts business in New York and Minnesota. ECF No. 1 at 3. "Section 1332 requires complete diversity, meaning that all plaintiffs must be citizens of states diverse from those of all defendants." *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). From the face of Plaintiff's Complaint, it is not clear that complete diversity exists between the parties. And, even if the Court were to find that the parties are diverse, Plaintiff has failed to set forth what state law, if any, Defendant has violated. As already explained, any challenge to the state court foreclosure proceeding is barred, and Plaintiff cannot relitigate or challenge the foreclosure judgment in this Court, including the purported lack of standing by Defendant to bring the foreclosure action in state court.

\*   \*   \*

Although district courts typically allow *pro se* plaintiffs an opportunity to amend their complaints, the Court denies leave to amend here because the nature of the defects in Plaintiff's claims, as discussed herein, would render any amendment futile. *See, e.g.*, *Jones*, 2024 WL 2494769, at \*10 (recommending leave to amend be denied as futile where the court recommended dismissing plaintiff's claims related to a state court foreclosure action, TILA, RESPA, and due process under Section 1983), *report and recommendation adopted*, Text Order

11

Adopting Report and Recommendation, *Jones et al. v. Select Portfolio Servicing, Inc.*, No. 23-cv-07772 (E.D.N.Y. June 24, 2024).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's claims challenging the foreclosure judgment are dismissed, without prejudice, for lack of subject matter jurisdiction pursuant to Rule 12(h) of the Federal Rules of Civil Procedure, and Plaintiff's claims alleging constitutional violations and violations of TILA and RESPA are dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to the *pro se* Plaintiff.

SO ORDERED.

*/s/ Hector Gonzalez*             .
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       September 11, 2024